IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINA B., MALAYSIA B., <br><br>   Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>   Defendant. | CIVIL ACTION FILE NO. <br> 1:21-cv-00685-SDG-LTW |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Plaintiff Regina B., acting *pro se* on behalf of her daughter Malaysia B., seeks leave to file this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying disability benefits for Malaysia. Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a)(1), and the Application for Leave to Proceed in forma pauperis is **GRANTED**. [Docs. 1, 6]. But for the reasons below, the Court **RECOMMENDS** this action be **DISMISSED**.

## ANALYSIS

The Court must *sua sponte* inquire into its "jurisdiction at the earliest possible point in the proceeding." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80

(11th Cir. 2001).  Defendant is a sovereign entity and as such is immune from suit except to the extent it consents to be sued.  Jackson v. Astrue, 506 F.3d 1349, 1352–53 (11th Cir. 2007).  "Congress alone determines how and when the United States may be sued," and it "waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions" under limited circumstances.  Id. at 1353.  The remedies provided in the Social Security Act ("the Act") "are the exclusive source of federal court jurisdiction" over cases such as Plaintiffs' case.  Id.; see also 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

      The Commissioner's decisions can only be reviewed by this Court if the claimant files suit "within sixty days after the mailing to him of notice of such decision or within such further time as [the Commissioner] may allow."  42 U.S.C. § 405(g).  The Commissioner has interpreted "mailing" as the date the claimant receives the Appeals Council's notice of denial of request for review.  20 C.F.R. §§ 404.981, 416.1481, 422.210(c).  But receipt is "presumed to be 5 days after the date of such notice unless there is a reasonable showing to the contrary."  Id. § 422.210(c); see also id. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show

us that you did not receive it within the 5–day period."); id. § 416.1401 (same).[1]

Here, Plaintiffs seek review of an "Appeals Council Action/Decision dated November 5, 2020." [Doc. 1-1]; [Doc. 1-2]. Because Plaintiffs make no "showing to the contrary," they are presumed to have received the notice of the decision on November 10, 2020. 20 C.F.R. § 422.210(c); see also [Doc. 1]; [Doc. 5]. Accordingly, Plaintiffs were required to file this action by January 9, 2021, at the latest. 42 U.S.C. § 405(g). Since the case was not filed until February 16, 2021,[2] the Court lacks jurisdiction over this action because Defendant is immune from suit. See Jackson, 506 F.3d at 1352–53.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Leave to Proceed in forma pauperis is **GRANTED**. [Docs. 1, 6]. However, because the action was not timely

---

[1] The deadline can also be tolled based on "traditional equitable tolling principles," but this requires a showing of extraordinary circumstances "such as fraud, misinformation, or deliberate concealment. Jackson, 506 F.3d at 1353–55. Unfortunately, the Plaintiffs have not made any showing that would justify equitable tolling. See [Doc. 1]; [Doc. 5].

[2] One of Plaintiffs' filings contains a mistaken file-stamp suggesting the document was filed on January 21, 2021. [Doc. 1-1]. Because the documents were not mailed until February 11, 2021, the date of that file stamp could not be accurate. [Doc. 1-3 at 3]. Even if the January 21, 2021, date was correct, the action would still be untimely. See [Doc. 1-1]; see also 42 U.S.C. § 405(g).

filed, Defendant is immune from suit and the undersigned **RECOMMENDS** that this case be **DISMISSED** for lack of jurisdiction. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED, REPORTED AND RECOMMENDED**, this __12__ day of April, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE